**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JIE YU,

Plaintiff,

Civil No. 25-12934

v.

Hon. Denise Page Hood

DAVID COULTER, et al.,

Defendants.
______________________________/

**ORDER ACCEPTING REPORT AND RECOMMENDATION (#49) AND DISMISSING ACTION**

This matter is before the Court on the Magistrate Judge's Report and Recommendation dated September 29, 2026. (ECF No 49) To date, Plaintiff has filed no Objections to Report and Recommendation and the time to file such has passed.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.* To preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and

Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Plaintiff Jie Yu filed this civil action against various Defendants. She is currently in the custody of the Michigan Department of Corrections at the Women's Huron Valley Correctional Facility. (ECF No. 49, PageID.477) The Magistrate Judge recommended that the Defendants' Motions to Dismiss (ECF Nos. 28, 29 and 31) be granted and that Plaintiff's Motions to Dismiss or for Summary Judgment or to reject pleadings (ECF Nos. 33, 38, 42 and 45) be denied.

The Magistrate Judge concluded that Plaintiff failed to meet her obligation to plead facts sufficient to show a rederessable legal wrong has been committed by any of the Defendants named in her complaint. (ECF No. 49, PageID.486) The Magistrate Judge recommended dismissal of her claims after reviewing the allegations in Plaintiff's Complaint. The Magistrate Judge cites specific allegations in Plaintiff's Complaint that lacked supporting factual allegations and non-sensical as to the named-Defendants. (ECF No. 49, PageID.481-.483) The Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim upon which relief may be granted as to her allegations against all the various Defendants.

The Court also agrees with the Magistrate Judge that Judges Yasmine I. Poles, Jefery S. Matis and Brian Hartwell are entitled to absolute judicial immunity and sovereign immunity from Plaintiff's claims against them. (ECF No. 49, PageID.486, .488) As to prosecutors Karen McDonald and Qamar Lina (Eniyah) Stamos, the Court agrees with the Magistrate Judge that they are entitled to absolute prosecutorial immunity in their role in prosecuting Yu. (ECF No. 49, PageID.488)

Plaintiff names her attorney, William Barnwell, in this action. The Court agrees with the Magistrate Judge that as her private attorney, Barnwell is not a state actor and that any claims against him under § 1983 must be dismissed. As to Defendants David Coulter and William Hamel, the Court agrees with the Magistrate Judge that Plaintiff fails to state a claim against either Defendant and that they must be dismissed under a supervisory liability theory or respondeat superior. Plaintiff failed to allege facts as to any personal involvement by Defendants Coulter and Hamel in any alleged wrongful action. (ECF No. 49, PageID.488)

The Court further agrees with the Magistrate Judge that to the extent Plaintiff seeks release from custody or a new trial based on post-conviction claims, that is not an available remedy in a section 1983 action. Where "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973). A state inmate may not obtain injunctive relief under Section 1983 as a remedy for "the fact of his conviction or the duration of his sentence." *Id*.

In addition, any claim for damages resulting from a wrongful conviction is not available until such time as his sentence is invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Until such time as a court invalidates Plaintiff's sentence on appeal or on habeas review, *Heck* bars Plaintiff's complaint.

After reviewing the September 29, 2026 Report and Recommendation, the Court finds that the Magistrate Judge's conclusions are correct. The Court agrees with the Magistrate Judge's recommendation that Plaintiff's Complaint must be dismissed as to any claims under Section 1983. The Court also agrees that any habeas claims must be dismissed without prejudice pending exhaustion of Plaintiff's state remedies. If Plaintiff exhausts any state remedies and/or any appeals through the Michigan Supreme Court as to her conviction, she may thereafter file a separate action such as a habeas petition under 28 U.S.C. § 2254 before the federal court.

Accordingly,

IT IS ORDERED that Magistrate Judge David R. Grand's Report and Recommendation **(ECF No. 49)** is **ACCEPTED AND ADOPTED** as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that the various Defendants' Motions to Dismiss **(ECF Nos. 28, 29 and 31)** are **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motions to Dismiss or for Summary Judgment or to reject all pleadings **(ECF Nos. 33, 38, 42 and 45)** are **DENIED**.

**IT IS FURTHER ORDERED that all the claims against all the Defendants under 42 U.S.C. § 1983 and any state-related claims are DISMISSED, and all Defendants are DISMISSED with prejudice. This case is designated as CLOSED on the docket.**

IT IS FURTHER ORDERED that any possible habeas claims under 28 U.S.C. § 2254 are **DIMISSED without prejudice** as more fully set forth above.

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 24, 2026